UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, *et al.*,<br><br>　　　*Plaintiffs*,<br><br>　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　*Defendants*. | Civil Action No. 18-2181 (ABJ) |

### DEFENDANT AQUEELHA JAMES'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### INTRODUCTION

In the opposition to Principal Aqueelha James's (Principal James) motion to dismiss, plaintiff Julie Doe fails to provide authority establishing that Principal James's alleged conduct supports a claim for intentional infliction of emotional distress (IIED), or that such conduct was extreme and outrageous so as to intentionally or recklessly cause Jane Doe emotional distress. In addition, plaintiff fails to establish that Jane Doe had the requisite "special relationship" with Principal James to support a claim of negligent infliction of emotional distress (NIED). And plaintiff fails to refute Principal James's showing that any alleged defamatory statements are not actionable because the context in which the statements were made make plain that Principal James did not claim to be in possession of objectively verifiable facts, but rather stated her subjective view or conjecture, foreclosing plaintiff's defamation claim. Finally, plaintiff fails to demonstrate that she plausibly

alleges that Principal James had a duty to prevent M.P.'s alleged sexual assault of Jane Doe or protect Jane Doe from the alleged sexual assault in support of her negligent supervision claim. Thus, plaintiff's state law claims against Principal James should be dismissed.[1]

## ARGUMENT

### I. Plaintiff's Cited Authority Does Not Support Her IIED Claim.

Plaintiff's IIED claim requires her to plausibly allege "'(1) extreme and outrageous conduct on the part of [Principal James], which (2) intentionally or recklessly (3) cause[d] [Jane Doe] severe emotional distress.'" Principal James Mem. at 7-8 [18] (quoting *Kotsch v. District of Columbia*, 924 A.2d 1040, 1045 (D.C. 2007)). In the opening brief, Principal James demonstrated that plaintiff's allegations do not establish the first or second elements of an IIED claim because the alleged statements about Jane Doe, upon which plaintiff relies for her IIED claim, were made outside of Jane Doe's presence. Principal James Mem. at 3-4, 8-9 (citing Compl. ¶¶ 22-24, 27, 94 and p. 2 n.2 [1]). Plaintiff's allegation that Principal James failed to impartially investigate Jane Doe's claim of sexual assault is also insufficient given plaintiff's

---

[1] Principal James construed the Complaint as potentially asserting claims against her on behalf of Julie Doe and Jane Doe, in both her individual and official capacity, including claims for violation of Title IX of the Education Amendments, 20 U.S.C. §§ 1681-1688 (Counts I and II) and a claim under 42 U.S.C. § 1983 (Count III). *See* Principal James's Mem. at 1 [18 at 3-14]. Plaintiff, however, clarifies that she only asserts claims against Principal James as next friend of Jane Doe, stemming from an alleged sexual assault against Jane Doe by M.P., another former student at Roosevelt High School. Opp'n at 1 [21]. Plaintiff does not bring a Title IX or 42 U.S.C. § 1983 claim against Principal James, *see id.* at 3-23, and does not pursue any claims against Principal James in her official capacity, *see id.* at 49-50.

contention that Principal James stated she would make the Metropolitan Police Department (MPD) aware of the incident and Jane Doe reported the incident to MPD, which opened an investigation. Principal James Mem. at 9.

Plaintiff does not address Principal James's argument that she fails to plausibly allege that any statements about Jane Doe made outside of Jane Doe's presence intentionally or reckless caused Jane Doe emotional distress.[2] *See* Opp'n at 32-36 [21]. Because plaintiff failed to challenge this aspect of Principal James argument, it should be treated as conceded. *See Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) ("[i]t is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded").

Moreover, plaintiff's reliance on *Drejza v. Vaccaro*, 650 A.2d 1308 (D.C. 1994) to establish that Principal James's conduct was "extreme and outrageous," Opp'n at 34-35, is misplaced. There, the plaintiff claimed that a police detective made several

---

[2] Perhaps plaintiff did not challenge this argument because courts have held that private conversations are insufficient to demonstrate intentional or reckless conduct sufficient to support an IIED claim. *See Enayatollah Vafaei-Makhsoos v. Minnesota Mining & Mfg. Co.*, Case No. C5-89-2080, 1990 Minn. App. LEXIS 675, at *4 (Minn. Ct. App. July 10, 1990) (finding that a supervisor that used an expletive to refer to an individual in a conversation with an "unknown third party" neither intentionally nor recklessly caused the individual harm where the "speaker had not known that [the individual] would overhear a private phone conversation."); *Hageman v. Town of Southbury*, Civil Action No. CV155017362S, 2017 Conn. Super. LEXIS 4306, at *10-12 (Conn. Super. Ct. Aug. 23, 2017) (statements made in a private conversation do not establish that an actor intended or should have known that the statements would cause severe emotional distress).

insensitive comments to her, declined to preserve her torn underwear as evidence, and tossed her underwear at her an hour after she had been violently raped, stating "'take your [underwear] home with you.'" *Id.* at 1308-10. The D.C. Court of Appeals held that, in that context, a reasonable jury could find that the detective's conduct *in the plaintiff's presence* was extreme and outrageous considering the plaintiff's "emotional state immediately following a dehumanizing sexual assault on her, [the detective's] knowledge of her susceptibility, and the position of authority and trust which [the detective] occupied during his interaction with the plaintiff." *Id.* at 1312. Plaintiff has not alleged such analogous conduct occurred in her presence shortly after an alleged sexual assault.

## II. Plaintiff Fails to Support Her NIED Claim with Plausible Allegations That Principal James Entered a "Special Relationship" with Jane Doe That Implicated Jane Doe's Emotional Well-Being.

Plaintiff's NIED claim requires her to "'show that (1) [Jane Doe] was in the zone of physical danger, which was (2) created by the [Principal James's] negligence, (3) [Jane Doe] feared for [her] own safety, and (4) the emotional distress so caused was serious and verifiable.'" Principal James Mem. at 10 (quoting *Harris v. United States Dep't of Veterans Affairs*, 776 F.3d 907, 915 (D.C. Cir. 2015); *Rice v. District of Columbia*, 774 F. Supp. 2d 25, 33 (D.D.C. 2011)). Otherwise, plaintiff must plausibly allege that (1) Principal James entered a "special relationship" with Jane Doe that implicated Jane Doe's emotional well-being, (2) that there was a risk that Principal James's negligence would likely cause severe emotional distress, and (3) Principal James's negligence did cause serious emotional distress (the special

4

relationship standard). Principal James Mem. at 10-11 (quoting *Bradley v. Nat'l Collegiate Athletic Ass'n*, 249 F. Supp. 3d 149, 177 (D.D.C. 2017); *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 810-11 (D.C. 2011)). Plaintiff fails to plausibly allege facts satisfying either standard. Principal James Mem. at 11-12.

Plaintiff only asserts that her allegations satisfy the special relationship standard, claiming she has "adequately pled … not only … a … student-principal relationship with [Principal James], but also that [Principal James] undertook to investigate her sexual assault claims, an[] undertaking which [Principal James] should have known created a duty to avoid further emotional harm to Jane Doe." Opp'n at 38-39. But, as demonstrated in the opening brief, a student-principal relationship alone, is insufficient to establish the predicate duty of care for an NIED claim. *See* Principal James Mem. at 12 (citing *Sibley v. St. Albans Sch.*, 134 A.3d 789, 798 (D.C. 2016)).

Plaintiff is incorrect that *Sibley* is factually distinguishable from this case because Principal James was "in a relationship with Jane Doe … that implicated care for her emotional well-being when [Principal James] undertook to carry out an investigation of a sexual assault against her that occurred on the school's grounds." Opp'n at 39-40. Such allegation is absent from her Complaint. Plaintiff has not alleged that Principal James affirmatively represented to her or Jane Doe that she had authority to or would personally pursue an investigation or discipline M.P. while school was out of session for the summer prior to Jane Doe's transfer to another school. *See* Compl. ¶¶ 16, 23, 26, 31. Because plaintiff cannot amend her Complaint

through an opposition to a dispositive motion, *Arbitraje Casa De Cambio v. United States Postal Service*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003), the Court should find that plaintiff has failed to plausibly allege that Principal James knew, or should have known, that she was "undertaking" an obligation in a "situation[] where the emotional well-being of [Jane Doe] [wa]s at the core" of her responsibility. *Hedgepeth*, 22 A.3d at 814.

### III. Plaintiff Fails to Establish That Principal James Made Defamatory Statements About Jane Doe Because the Context of Principal James's Alleged Defamatory Statements Shows Principal James is Expressing a Subjective View, or Engaging in Conjecture or Hyperbole.

To state a defamation claim, plaintiff must plausibly allege: "'(1) that [Jane Doe] was the subject of a false and defamatory statement; (2) that the statement was published by a third party; (3) that publishing the statement was at least negligent; and (4) that [Jane Doe] suffered either actual or legal harm.'" Principal James Mem. at 13 (quoting *Zimmerman v. Al Jazeera Am., LLC*, 246 F. Supp. 3d 257, 272 (D.D.C. 2017)) (other citation omitted). Principal James established that, because the statements upon which plaintiff relies are "'expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, [the] statement[s] … [are] not actionable'" as slander. Principal James Mem. at 14 (citing *Guilford Transp. Indus. v. Wilner*, 760 A.2d 580, 597 (D.C. 2000); *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993)).

In response, plaintiff incorrectly contends that Principal James's alleged statements are capable of a defamatory meaning because they "were intended, by

6

their plain meaning, to undermine the veracity of Jane Doe's complaint of sexual assault" and "[a] statement is defamatory if it tends to injure [a] plaintiff in [her] … community standing, or lower [her] in the estimation of the community." Opp'n at 47 (citation and internal quotation marks omitted). Plaintiff's argument is conclusory and simply represents her factual characterizations. "But in ruling on a motion to dismiss, the Court is only bound by plaintiff's factual assertions, not [her] conclusions or characterizations of the facts." *Smith v. Clinton*, 253 F. Supp. 3d 222, 240 (D.D.C. 2017) (Berman Jackson, J.) (citing *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).

Plaintiff's factual assertions, in turn, do not establish that Principal James explicitly or implicitly challenged Jane Doe's veracity. While plaintiff certainly alleges that Principal James said that "[t]his whole thing is going to blow up in her face," she was going to "call MPD and have a long and drawn out email just so I can embarrass her" and "since I walked into this building, I immediately responded to what I knew was bullshit," those statements, and the other alleged statements, are at best nonactionable hyperbole or conjecture. *See Browning*, 292 F.3d at 248; *Guilford Transp. Indus.*, 760 A.2d at 597. Plaintiff fails to articulate how the statements demonstrate that Principal James claimed to be in possession of objectively verifiable facts, given the context in which plaintiff claims the statements were made: in a conference room, to individuals who were present while Principal James attempted to gather information from Jane Doe about the alleged sexual assault. *See* Compl. ¶¶ 22-24.

IV. <u>**Plaintiff Has Not Demonstrated That She Plausibly Alleges That M.P.'s Alleged Sexual Assault on Jane Doe Was Foreseeable to Principal James, So as to Plausibly Create A Duty for Principal James to Protect Her.**</u>

Finally, plaintiff has failed to demonstrate that she plausibly alleges a negligent supervision claim against Principal James. Principal James explained that plaintiff failed to plausibly allege that Principal James should have foreseen that M.P. posed a risk to other students, creating a special duty for Principal James to personally protect Jane Doe from the alleged sexual assault. Principal James Mem. at 16-17. Plaintiff asserts that "the prevalence of sexual assault in school, including at least one known prior occurrence of sexual violence towards a student by other students at Roosevelt High School earlier in that same school year," required Principal James to anticipate "that a student-on-student sexual assault was highly foreseeable on [the District's] inadequately staffed grounds." Opp'n at 41-42. The thrust of plaintiff's argument is that if the classrooms were adequately staffed and the hallways, restrooms, and security camera footage were adequately monitored, M.P. would not have sexually assaulted her. *See id.* at 42.

Plaintiff's contention is insufficient to create a reasonable inference that Principal James had a duty to personally supervise M.P. and prevent the alleged sexual assault. "It is, of course, impossible for a [principal] to personally supervise each student … every moment of the school day …. A [principal] must necessarily rely, to some extent, on the responsibility and maturity of … students to conduct themselves in a proper and safe manner" and school personnel to supervise students. *See Hammond v. Scott*, 232 S.E.2d 336, 339 (S.C. 1977), *cited with approval in*

*District of Columbia v. Cassidy*, 465 A.2d 395 (1983). And, assuming Principal James could be held liable for M.P.'s alleged conduct on a negligent supervision claim,[3] plaintiff is required to plausibly allege something she has not: that Principal James "knew or should have known [that M.P.] behaved in a dangerous or otherwise incompetent manner, and that [Principal James], armed with that actual or constructive knowledge, failed to adequately supervise [M.P.]." *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 760 (D.C. 2001) (quoting *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (1985)); *see also Andrew T.B. v. Brewster Cent. Sch. Dist.*, 889 N.Y.S.2d 240 (N.Y. App. Div. 2009) (holding plaintiff's daughter's sexual abuse by two similarly aged children on a school bus not to constitute negligent supervision where school officials had no actual or constructive notice of any similar conduct by the assailants).

Plaintiff's claim that Principal James had a general "duty to protect Jane Doe," Opp'n at 43, is foreclosed by her failure to plausibly allege Principal James had knowledge or reason to anticipate that Jane Doe would be sexually assaulted. *Lacy v. District of Columbia*, 424 A.2d 317, 323 (D.C. 1980) (*en banc*) (*Lacy II*) (finding no error in trial court instructing jury that to prevail on negligence claim, the plaintiff must establish that "the defendants [school and supervisory personnel] had actual knowledge that assaults on [the minor plaintiff] would occur or had good reasons to

---

[3] The D.C. Court of Appeals has noted that although its case law "discuss[es] negligent supervision in the context of an employer-employee relationship and frequently use[s] the term 'employee,' it is clear from the Restatement [(Second) of Agency] and other authorities that a claim of negligent supervision does not require proof that the supervised person was also an employee or agent." *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 760 n.11 (D.C. 2001).

anticipate the assaults, and in spite of such knowledge or reason to anticipate they were negligent in failing to take precautions to prevent the assaults").[4]

Plaintiff's attempt to distinguish *Lacy II*, by arguing that the case does not require her to so plead because *Lacy II* concerned a general negligence claim, not a negligent supervision claim, Opp'n at 42-43, fails. In *Lacy II*, the D.C. Court of Appeals reviewed, *en banc*, a decision by a panel of the D.C. Court of Appeals in *Lacy v. District of Columbia*, 408 A.2d 985 (D.C. 1979) (*Lacy I*), where the panel clarified that the plaintiffs were "mother and daughter who brought action for damages they claim to have incurred when a janitor at the elementary school attended by the daughter … allegedly committed three sexual assaults on her." *Id.* at 987. The trial court granted a new trial after "the jury returned a verdict … against … 'the principal, a teacher, and a guidance counsellor of the school[] *on the theory that they were negligent in their care and supervision of the child* ….'" *Id.* (emphasis added). After the new trial, a jury returned a verdict in favor of the supervisory personnel defendants, and the plaintiffs appealed, alleging that the trial court's jury instruction on foreseeability constituted reversible error. *Lacy II*, 424 A.2d 318. *Lacy II* held that it did not. *Id.* at 322-24.

---

[4] The D.C. Court of Appeals clarified, however, that "it is arguable that the court, by conditioning liability on the foreseeability of 'assaults' rather than the foreseeability of 'sexual assaults,' was more helpful to appellants than the law permits." *Lacy II*, 424 A.2d at 323-24.

10

## CONCLUSION

For the foregoing reasons, the Court should grant Principal James's Motion to Dismiss Plaintiff's Complaint.


Dated:  December 5, 2018.		Respectfully submitted,

			KARL A. RACINE
			Attorney General for the District of Columbia

			TONI MICHELLE JACKSON
			Deputy Attorney General
			Public Interest Division

			/s/ Fernando Amarillas
			FERNANDO AMARILLAS [Bar No. 974858]
			Chief, Equity Section

			/s/ Michael A. Tilghman II
			MICHAEL A. TILGHMAN II [Bar No. 988441]
			JOSHUA W. DANSBY*
			Assistant Attorneys General
			441 Fourth Street, N.W.
			Suite 630 South
			Washington, D.C. 20001
			(202)727-6247
			(202) 741-8776 (fax)
			michael.tilghman@dc.gov

			*Counsel for Defendant Aqueelha James*

---

\* Admitted to practice only in Washington State. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to LCvR 83.2(f).