UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE, by and through her next friend JULIE DOE,**  *Plaintiff,*  v.  **DISTRICT OF COLUMBIA,** *et al.*,  *Defendants.* | Civil Action No. 18-2181 (ABJ) |

## PROTECTIVE ORDER

This Court, having reviewed the Proposed Protective Order ("Protective Order") agreed to by the Parties in this matter, and finding the Stipulation and Protective Order to be reasonable and necessary in the present litigation, it is this 18th day of March 2020;

**ORDERED THAT:**

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

   a. "Confidential Information" may mean medical, counseling, health care, educational, and other documents and information containing personally identifiable information of Jane Doe, unless otherwise excepted herein. "Confidential information" may also mean education records of M.P. (as defined under 20 U.S.C. § 1232g(a)(4) and 34 C.F.R. § 99.3), which the District may produce if: 1) consent is obtained from M.P. or his parent, in accordance with 34 C.F.R. § 99.30; or 2) the disclosure is to comply with a judicial order or lawfully issued subpoena, and the District makes a reasonable effort to notify M.P. or his parent of the order or subpoena *in advance* of the compliance, so M.P. or his parent may seek protective action, in accordance with 34 C.F.R. § 99.31(a)(9)(i)-(ii). The District shall not produce the requested records until M.P. has been allotted a reasonable amount of time to seek protective action or the Court denies M.P.'s request for protective action.

    b. "Confidential Materials" means any "Documents," "Testimony," or "Information" as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    c. "Designating Party" means the Party that designates Materials as "Confidential."

    d. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Confidential Materials, or any part thereof, or any information contained therein.

    e. "Documents" means (i) any original writing(s) which has been produced in discovery in this Proceeding by any Party or person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing. The term "Documents" shall be construed as broadly as possible, and includes but is not limited to memoranda, hard copy documents, photographs, electronic mail, text messages, and any other form or format of recorded information.

    f. "Information" means the content of Documents or Testimony.

    g. "Testimony" means all depositions, declarations, affidavits or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes constitutes or contains Confidential Information.

3. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i.       identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii.      identify all portions of the Testimony that are "Confidential" by page and line number within thirty (30) days after the receipt by the Designating Party of the transcript of such testimony. From the date of the deposition until expiration of such period, the entire deposition will be treated as subject to protection against disclosure as "Confidential."

    c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

4.    Confidential Information shall be used solely in this case and shall not be used for any other purpose without the written authorization of the party who is the subject of the Confidential Information or except as otherwise authorized by this Court.

5.    Disclosure of Confidential Information without written authorization or a separate court order may only be made to:

    a.    The Court;
    b.    Any mediator engaged in mediation of this case;
    c.    Counsel for the Parties and persons employed in or retained by counsel's office;
    d.    Defendants' insurance carriers, adjusters, and claims representatives; and
    e.    Factual and expert witnesses who have been advised of the existence and terms of this Stipulation and Protective Order, and who have agreed to maintain the confidentiality of the information as described herein.

6.    If a document that contains "Confidential Information" is filed with the Court, the filing Party shall redact personally identifiable information from the Confidential Information. If a Party wishes to file an unredacted version of any Confidential Information with the Court, that Party will file a motion for leave to file such information under seal that complies with this

Court's precedent and local rules, requesting the Court's permission for filing the Confidential Information under seal. No Party will unreasonably withhold consent or stipulation from another party for leave to file Confidential Information under seal.

7. A party shall not be obligated to challenge the propriety of a Confidential information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto, provided, however, that any challenges must be made prior to trial.

8. The District shall redact personally identifying information of M.P. and current and former District employees from its records before disclosure.

9. In the event a party challenges the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, specifically identifying the challenged material. The interested parties thereafter shall meet and confer in good faith in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of the initiating letter, counsel shall contact chambers to arrange for a telephone conference with the Court. Any documents or other materials that have been designated as "Confidential" shall be treated in the manner designated until the Court rules that they are not, or the designating party agrees to change the designation.

10. Upon the conclusion of this matter, the provisions of this Agreement shall continue to be binding. Within sixty (60) days after the final disposition of this Litigation, including all appeals, a Receiving Party shall return all Confidential information, including all copies of said materials, to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has made reasonable efforts to destroy such materials. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs,

or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain Confidential information, so long as counsel protects that information consistent with the terms of this Order.

11. No Party has waived any right by virtue of having produced documents or for having entered into this Agreement.

12. A Producing Party that fails to designate documents and information as "Confidential" at the time of production may make a correction to its designation. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of documents and information, appropriately designated. If a Receiving Party does not object to the late designation, then upon receipt of the substitute copies and information, the Receiving Party shall make reasonable efforts to destroy or return to counsel all copies of all such mis-designated documents. If a Receiving Party objects to a late designation, the parties shall follow the procedures set forth in Paragraph 9. Until the Court rules, the disputed documents and information shall be treated as Confidential in accordance with the designation

13. An inadvertent disclosure of Confidential Information does not waive the confidential nature of the documents.

14. The production of documents subject to this Protective Order does not constitute an admission or agreement that such documents are admissible as evidence in this case.

**IT IS SO ORDERED.**

*Amy B Jackson*

JUDGE AMY BERMAN JACKSON
U.S. District Court for the District of Columbia