THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, by and through her next friend, JULIE DOE, | : : : |
| *Plaintiff*, | : : |
| v. | :   C.A. No. 1:18-CV-2181 (ABJ) : |
| DISTRICT OF COLUMBIA, et al. | : : |
| *Defendant*. | : : |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Jane Doe has established that Defendant District of Columbia ("District") had "actual notice" of the sexual harassment she suffered for Title IX purposes. It is undisputed that, on June 13 and 14, 2017, Plaintiff and her mother, Julie Doe, notified school administrators that male student "MP" had sexually assaulted Jane at school when he forcefully dragged her into the boys' restroom, pushed her into a stall, groped her breasts and buttocks, tried to lift her dress and kiss her, and left a bruise on her neck, while she cried and yelled at him to stop. Also undisputed is that these administrators had the authority to take corrective actions and make disciplinary decisions concerning MP. Thus, as a matter of law based on the undisputed facts, Plaintiff is entitled to summary judgment on the "actual notice" element of her Title IX claim.

Defendant District's sole argument in opposition to Plaintiff's motion is that Jane Doe may not move for summary judgment on an element of her claim, as opposed to her entire Title IX deliberate indifference claim. The District's position contradicts the plain text of Rule 56(a) of the Federal Rules of Civil Procedure, which specifically permits a plaintiff to move for summary judgment on a claim or part of a claim. *See* Fed. R. Civ. P. 56(a). Other courts have

rejected the very same argument made by Defendant and granted a plaintiff's motion for summary judgment on only an element or elements of a claim, but not the entire claim. Defendant's frivolous argument, for which it cites no legal authority, must be rejected.

Accordingly, the only matter remaining for this Court's consideration on Plaintiff's Title IX deliberate indifference claim for summary judgment purposes is whether a reasonable jury could find that the District responded to Jane's report of sexual assault with deliberate indifference. The record in this case establishes that after Plaintiff reported sexual assault, her high school principal, Defendant Aqueelha James, disparaged, blamed, and made fun of Jane, minimized and misrepresented the sexual assault to higher-up school administrators, and acted with such bias against Plaintiff that James likely interfered with law enforcement's investigation of MP. The District then refused to discipline MP, although he remained a student in the school district, and denied Jane a "victim" school transfer.[1] Even after Defendant, at the last minute, permitted Jane to transfer to another school in the District, teachers and a security guard at the new school harassed her regarding the sexual assault. The District knew that Plaintiff was a victim of sexual harassment, was attending therapy to receive treatment for the sexual assault and its aftermath, and was struggling academically, psychologically, and emotionally, to the point that she was marked absent from school on 180 days over the course of just two academic years. Despite this, the District continued taking actions against Jane Doe that directly deprived

---

[1] Any Title IX investigation conducted by the District occurred in a vacuum and had no impact on the District's treatment of Plaintiff, including, for example, whether she was entitled to a victim transfer out of Roosevelt High School. *See* District's Resp. to Pl's Statement of Additional Material Facts ("DR") ¶¶ 111-13. Neither the Does nor pertinent school administrators – including but not limited to Instructional Superintendent David Pinder, Milo Howard, and Wilson High School Principal Kim Martin – were aware that the District's Civil Rights Office (also called "CARE") had determined that Plaintiff was sexually harassed by MP. *See id.* ¶¶ 108, 111-13, 138-39, 141.

her of educational opportunities and benefits, continued marking her absences when she was attending therapy as "unexcused," made it yet more difficult for her to complete schoolwork, and forced her to choose between attending therapy or facing continuing truancy issues. This and other evidence in the record, viewed in the light most favorable to Plaintiff, could persuade a reasonable jury that Defendant District was deliberately indifferent to Jane Doe's report of sexual assault, in that the combined systemic effect of MP's reported sexual assault against Jane and the school's response to that report effectively denied Plaintiff access to an educational opportunity or benefit.

## ARGUMENT

To establish a Title IX claim based on student-on-student sexual harassment, the plaintiff must establish:

(1) She was a student at an educational institution that received federal funds;

(2) She suffered sexual harassment that was so severe, pervasive, and objectively offensive that it deprived her of equal access to the educational opportunities or benefits provided by her school;

(3) The school, through an official possessing the authority to address the alleged harassment and institute corrective measures, had actual notice or knowledge of the alleged harassment; and

(4) The school acted with deliberate indifference to the alleged harassment.

*Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 646-52 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290-92 (1998); *Fairfax Cty. Sch. Bd.*, 1 F.4th 257, 263-64 (4th Cir. 2021).[2] The District moved for summary judgment on the third and fourth elements of Jane

---

[2] The D.C. Circuit Court requires only that: "(1) an appropriate official at the school, i.e., one with authority to institute corrective measures, (2) had actual notice of the harassment, and (3) demonstrated deliberate indifference to the harassment." *Blue v. District of Columbia*, 811 F.3d 14, 21 (D.C. Cir. 2015).

Doe's claim. Plaintiff cross-moved for summary judgment on the third element of "actual notice."

A school has "actual knowledge" or "actual notice" when sexual harassment of a student is reported to an "appropriate person . . . with authority to take corrective action to end the discrimination."[3] *Gebser*, 524 U.S. at 290. An "appropriate person" is "a school official who has the authority to halt known abuse, perhaps by measures such as transferring the harassing student to a different class, suspending him, curtailing his privileges, or providing additional supervision." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999). School administrators, principals, and assistant principals are commonly considered to be "appropriate persons." *See, e.g., Hill v. Cundiff*, 797 F.3d 948, 971 (11th Cir. 2015); *Plamp v. Mitchell Sch. Dist. No. 17-2*, 565 F.3d 450, 457 (8th Cir. 2009); *Warren v. Reading Sch. Dist.*, 278 F.3d 163, 171 (3d Cir. 2002); *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000). The Fourth Circuit recently explained, "when a school official with authority to address complaints of sexual harassment and to institute corrective measures receives a report that can objectively be construed as alleging sexual harassment, that receipt establishes actual notice of such harassment for Title IX purposes." *Fairfax Cty.*, 1 F.4th at 265, 270 n.9.

Here, there is no genuine dispute that Instructional Superintendent Dr. David Pinder, Defendant James, Dean Reginald Stevens, and Assistant Principal Michael Moss had disciplinary authority over students. *See* DR ¶¶ 9, 12, 14, 16.[4] Thus, as a matter of law based on

---

[3] Under Title IX, courts use the terms "actual notice" and "actual knowledge" interchangeably. *See Gebser*, 524 U.S. at 290; *Fairfax Cty.*, 1 F.4th at 263 n.4.

[4] The District does not dispute that Pinder and Stevens had the authority to decide or issue disciplinary consequences to students. *See* DR ¶¶ 12, 14. The District's manufactured "disputes" as to whether James and Moss were also granted such disciplinary or corrective authority are not "genuine." As Defendant admits, James could approve or disapprove a disciplinary recommendation, and Moss clearly testified that he could discipline students. *See id.* ¶¶ 9, 16.

the undisputed facts, Pinder, James, Stevens, and Moss were all "appropriate persons" for Title IX purposes.

It is also undisputed that, on June 13, 2017, the day that MP sexually assaulted Plaintiff, Julie Doe contacted Dr. Pinder and reported that her daughter had been sexually assaulted, and the following day the Does reported the sexual assault to Defendant James, Dean Stevens, and Assistant Principal Moss. *Id.* ¶¶ 43, 54, 58, 61. Accordingly, as a matter of law based on these undisputed facts, the District had "actual notice" of sexual harassment perpetrated against Jane Doe on June 13 and/or June 14, 2017, which triggered the District's Title IX responsibilities.

The District's sole argument in opposition to Jane Doe's motion is that Fed. R. Civ. P. 56 purportedly does not permit a plaintiff to move for summary judgment on an element or "part" of a claim. Defendant tellingly fails to cite any supporting legal authority for its ill-made argument. Moreover, the District ignores the plain text of Rule 56(a), as amended in 2010, which expressly states, "[a] party may move for summary judgment, identifying each claim or defense—**or the part of each claim or defense**—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). The Advisory Committee Notes to the 2010 Amendments to Rule 56 subdivision (a) explain:

> The first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or **part of a claim or defense**. The subdivision caption adopts the common phrase "partial summary judgment" to describe disposition of less than the whole action, whether or not the order grants all the relief requested by the motion.

Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (emphasis added).

Other district courts have expressly rejected the same argument made by Defendant here, citing the 2010 amendment to Rule 56, and granted a plaintiff's motion for summary judgment on only an element or elements of her claim. *See, e.g.*, *Davis v. City of Apopka*, 424 F. Supp. 3d

1161, 1169-72 (M.D. Fla. 2019) (granting summary judgment on first element of plaintiff's 42 U.S.C. § 1983 claim); *Hobart Corp. v. Dayton Power & Light Judge Walter H. Rice Co.*, No. 3:13-cv-115, 2019 U.S. Dist. LEXIS 67267, at *66-80 (S.D. Ohio Apr. 19, 2019) (granting summary judgment for plaintiffs on elements of claims brought under the Comprehensive Environmental Response, Compensation and Liability Act of 1980); *Hudak v. Clark*, 3:16-CV-288, 2018 U.S. Dist. LEXIS 63035, at *4-6 (M.D. Penn. Apr. 13, 2018) (granting summary judgment for plaintiff on one element of false arrest / unlawful seizure claim); *Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d 1095, 1104 (N.D. Cal. 2016) (granting summary judgment for plaintiff on elements of Fair Credit Reporting Act claim); *see also Hall v. Wash. Metro. Area Transit Auth.*, No. 19-1800 (BAH), 2020 U.S. Dist. LEXIS 183477, at *25-28 (D.D.C. Oct. 2, 2020) (granting partial summary judgment to plaintiff on just one element of her discrimination claims).

Finally, the District's position is seemingly based on a fundamental misunderstanding of the nature of Plaintiff's Title IX claim. Defendant doggedly insists that Jane Doe's claim is based on a pre-assault theory alleging that the District failed to prevent MP from sexually assaulting her. However, as clearly set forth in Plaintiff's Complaint and summary judgment briefing, Jane's claim is based on the District's deliberate indifference <u>after</u> she reported to school officials that she had been sexually assaulted, and the clearly unreasonable response by the District that – in combination with the sexual assault perpetrated against Plaintiff by MP – effectively deprived her of educational benefits and opportunities. Doc. 3 at 12-15; Doc. 71 at 22-28.

Accordingly, the District's argument must be rejected, and summary judgment should be granted to Plaintiff on the actual notice element of her Title IX deliberate indifference claim.

## **CONCLUSION**

For all of the reasons set forth above, Jane Doe respectfully requests that this Court GRANT Jane Doe's motion for summary judgment on the third element of her Title IX deliberate indifference claim, "actual notice," and DENY Defendant District's motion for summary judgment in its entirety.

Date:   April 21, 2022

s/ Kasey M. Murray
DAVID M. SCHLOSS [446579]
KASEY K. MURRAY [1016186]
KOONZ, MCKENNEY, JOHNSON &
DEPAOLIS, LLP
2001 Pennsylvania Avenue, N.W.
Suite 450
Washington, D.C. 20006
(202) 824-0700
kmurray@koonz.com


s/ Monica H. Beck
DOUGLAS FIERBERG [418632]
MONICA H. BECK
THE FIERBERG NATIONAL LAW GROUP, PLLC
161 E. Front Street
Suite 200
Traverse City, MI 49684
(231) 933-0180
dfierberg@tfnlgroup.com
mbeck@tfnlgroup.com

*Counsel for Plaintiff Jane Doe*