UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE,** *et al.*,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>**THE DISTRICT OF COLUMBIA,** *et al.*,<br><br>　　*Defendants*. | 18-cv-2181 (ABJ) |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S SUR-REPLY**

Defendant District of Columbia (the District) submits this reply to Jane Doe's sur-reply.

**INTRODUCTION**

The purpose of a reply is to respond to another parties' arguments. Indeed, a party is "allowed to reply to counterpoints made by [its opponent] in the opposition—this is the entire purpose of a reply." *Alston v. United Collections Bureau, Inc.,* No. DKC13-0913, 2014 WL 6012971 at *14 (D.Md. Mar. 4, 2014) (internal quotation omitted). Here, Jane Doe's assertion that the District raised new arguments in its reply is inaccurate because the District's arguments directly responded to Jane Doe's newly asserted claims. *Cf.* Def.'s Reply [78] with Pl.'s Opp'n. Indeed, in her opposition filing, Jane Doe asserted that "[i]n November 2018, the Does began seeking disability accommodations and special education for Jane, through a '504 meeting.'" *See* Pl.'s Opp'n. 15. She further asserted that "[i]n December 2018, Jane Doe was diagnosed with post-traumatic stress disorder ('PTSD')," Pl.'s Opp'n. at 15, and that the "Does requested a multi-disciplinary team meeting to confirm that Jane's grades accurately reflected the worked she had completed, and to discuss testing needed to determine her eligibility for special education and related services." *Id.* According to Jane Doe, "the District [ ] denied her request for special

1

education services." *See* Pl.'s Opp'n. at 15, n.9. Jane Doe also asserted "[t]he Does reminded [the District] that Jane had been diagnosed with PTSD, was seeking disability accommodations, and had inaccurate academic and attendance records." Pl.'s Opp'n. at 17. And to further support her asserted disability, Jane Doe retained "Dr. Eileen Ryan, a Doctor of Osteopathic Medicine, professor, and the Vice-Chair of Clinical Services for the Department of Psychiatry and Behavior Health at the Ohio State University Wexner Medical Center," who asserted that "the District and James' negative response to the report of that sexual assault has caused Jane to suffer from chronic PTSD and major depressive disorder, severe." *Id.* at 18. Moreover, Jane Doe identified her asserted disability and the District's alleged failure to accommodate this disability in her statement of additional material facts (SMFs). *See* Pl.'s SMFs at ¶¶ 168, 169, 175-179, 183, 188, 205-214 [71-2]. None of this information, however, appears in the Complaint. Compl. [3].

Thus, the District had no reason to make any argument about exhaustion under the IDEA in its motion for summary judgment because these allegations were not raised in the Complaint as an asserted claim or as relief requested. Compl. Jane Doe cannot raise claims for the first time in her opposition and expect the District to remain silent or otherwise disregard those newly asserted claims. Responding to arguments, like the District did here, "is the entire purpose of a reply." *Alston,* No. DKC13-0913, 2014 WL 6012971 at *14. That said, the arguments raised in Jane Doe's sur-reply is not enough to defeat the District's showing that Jane Doe's claims fall within the structure of the IDEA.

**ARGUMENT**

I.   **The District has not waived any arguments or defenses.**

Jane Doe curiously argues that the District waived its affirmative defense under the IDEA because it failed to plead an exhaustion defense in its answer. *See* Pl.'s proposed Sur-reply at 2-3

[82-1]. But as shown in the Complaint, Jane Doe never specific that her claims were under the IDEA. *See* Compl. Nor did she assert that she was a disabled student who sought disability accommodations and special education through a 504 meeting. *See* Compl. Nor did she allege that the District denied her request for special education services. *Id.* Rather, these detailed allegations were first raised by Jane Doe in her opposition to the District's motion for summary judgment. *Cf.* Compl. w/ Pl.'s Opp'n. at 15-17, and Pl.'s Statement of Additional Material Facts. As such, the District was not required to assert a defense to IDEA claims in its answer as its defenses were limited to the claims as raised in the Complaint. *See Bowden v. United States*, 106 F.3d 433, 439 (D.C. Cir. 1997) (the agency waived its defense by not raising it in the administrative proceedings); *T.H. v. District of Columbia*, 255 F. Supp. 3d 55 (D.C. 2017) (In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense.) The *T.H.* court reasoned that "a defendant *generally* should raise a plaintiff's failure to exhaust IDEA's administrative remedies in a Rule 56 motion for summary judgment." *Id.* at 59, emphasis added. Here, because Jane Doe did not amend her Complaint to assert the allegations raised in her opposition, the District could not assert the defense in its Answer. *See* Ct. Dkt. Nor could it raise it in its motion for summary judgment. Instead, the District raised this defense at its earliest opportunity to do so. Thus, the District has not waived any defenses to the new allegations raised by Jane Doe in her opposition filing.

II.     **The IDEA governs Jane Doe's claims.**

Contrary to Jane Doe's arguments, she was required to exhaust her administrative remedies for these damages for which she seeks. The cases upon which Jane Doe relies are easily distinguishable from the facts raised by Jane Doe, and they do not undercut the District's argument that Jane Doe's claims are governed under the IDEA. And her claims are barred because she failed

to exhaust her administrative remedies.  In fact, each case identified by Jane Doe supports the District's arguments and entitlement to relief.

*First,* as is made clear by Jane Doe's explanation of the facts in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 748 (2017), those facts mention nothing about Title IX or sexual harassment or sexual abuse allegations.  *Id.  See also* Pl.'s Sur-reply at 3-4.  Rather, the *Fry* case addresses educational services under the IDEA juxtaposed against services provided under the ADA and the Rehabilitation Act.  *Id.*  Unlike Jane Doe whose asserted disabilities were allegedly caused by James' comments on June 14, 2017, the minor child, E.F., in *Fry,* had a severe form of cerebral palsy that limited her motor skills and mobility that was known by the school beforehand— the school already had an IEP in place providing for one-on-one supervision for the child.  E.F.'s parents bought her a service dog to assist her at school but the school denied the request to allow use of E.F.'s service dog because she already had an aide who provided her one-on-one care.  E.F.'s parents filed a complaint with the U.S. Department of Education's Office of Civil Rights (OCR) alleging that the school violated E.F.'s rights under the ADA and the Rehabilitation Act.  OCR agreed with the parents.  The school capitulated, but E.F.'s parents sued the school under the ADA and the Rehabilitation Act.  The trial court granted the school's motion to dismiss, finding that the Frys were required to exhaust their administrative remedies under the IDEA.  In reaching its decision on appeal, the *Fry* court focused on the reach of the IDEA and decided that to trigger the exhaustion requirement under the IDEA, a party must seek relief for an injury cognizable under IDEA.  *Id.* at 753.  The court determined that if a party charges denial of a free appropriate public education (FAPE), "the plaintiff cannot escape § 1415(*l*) merely by bringing her suit under a statute other than the IDEA…."  *Id.*  "But if, in a suit brought under a different statute, the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's

procedures is not required." *Id.* And the *Fry* court made clear that it need not simply look to the Complaint to determine whether the plaintiff seeks a FAPE, but may look to the history of the proceedings to determine the gravamen of the suit. *Id.* at 757. And according to the *Fry* court, "prior pursuit of the IDEA's administrative remedies will often provide strong evidence that the substance of a plaintiff's claim concerns the denial of a FAPE, even if the complaint never explicitly uses that term." *Id.*

Here, while Jane Doe never mentioned the word "FAPE" in the Complaint nor asserted that she sought educational services that were denied by the District, the history of these proceedings shows that Julie Doe seeks recovery for the alleged denial by the District of her requested FAPE. *See* Pl.'s Opp'n. at 15 [60] ("In November 2018, the Does began seeking disability accommodations and special education for Jane, through a '504 meeting.'"). Julie Doe also "requested a multi-disciplinary team meeting to confirm that Jane's grades accurately reflected the worked she had completed, and to discuss testing needed to determine her eligibility for special education and related services." *Id.* And according to Jane Doe, "the District [ ] denied her request for special education services." *Id.* at 15, n.9. Because Jane Doe now seeks to remedy the alleged deprivation of her requested FAPE, under *Fry,* she was required to exhaust her administrative remedies under the IDEA but did not.

Second, *Bowe v. Eau Claire Area School District,* 16-cv-746-jdp, 2017 WL 1458822 (W.D. Wis. Apr. 24, 2017), another case cited by Jane Doe in support of her assertion that exhaustion is not required, also does not support that contention. Indeed, the case further supports the District's entitlement to judgment. The minor plaintiff in *Bowe* suffered from Asperger Syndrome and was bullied by his classmates throughout middle and high school; no less than 30 complaints of bullying incidents were made but were unsuccessfully resolved. The history of physical abuse of the minor

plaintiff was detailed unlike the one incident involving Jane Doe on June 13, 2017. The *Bowe* plaintiff sued under Title IX, the ADA, the Rehabilitation Act, and the Equal Protection Clause. At the dismissal stage, the court reasoned that "[t]o state a peer-harassment claim against the District under Title IX, Bowe must allege that (1) he was harassed on the basis of sex; (2) the District had 'actual knowledge' of the harassment [not notice *after* the fact]; (3) the harassment was 'so severe, pervasive, and objectively offensive that it' deprived Bowe of access to educational opportunities; and (4) the District was 'deliberately indifferent' to the harassment." *Bowe*, 2017 WL 1458822 at *3. The *Bowe* court did not dismiss the minor plaintiff's Title IX claim but dismissed the remaining claims, finding, as Jane Doe asserts, that the minor plaintiff need not have exhausted his administrative remedies under the IDEA. But the *Bowe* court agreed with the decision in *Fry* that "when a plaintiff 'seek[s] relief that is also available under' the IDEA—that is, relief for the denial of a FAPE—he must exhaust the IDEA's administrative procedures before bringing suit, regardless of the law he sues under." *Id.* at *4. And according to the *Bowe* court, "[if] a plaintiff seeks relief that is not available under the IDEA—that is, when 'the remedy sought is not for the denial of a FAPE'—he need not exhaust the IDEA's procedures, even if 'the suit arises directly from a school's treatment of a child with a disability—and so could be said to relate in some way to [his] education.'" *Id., citing Fry*, 137 S. Ct. at 754. In analyzing the facts and claims, the *Bowe* court determined that the reason the minor plaintiff did not have to exhaust his administrative remedies was because he was not seeking relief also available under the IDEA. *Id.* at *4. Rather, the *Bowe* court reasoned that the relief sought was "for the denial of a harassment-free environment to which all students and employees are entitled." *Id.* at *5. Here, no hostile environment existed because the District had no prior notice that MP would assault Jane Doe, the incident occurred only once and neither MP nor Jane Doe returned to the same school. Def.'s SUMF ¶¶ 26, 29. Indeed, they

never again interacted at school.  Pl.'s Opp'n at 23-26 (conceding this fact).  Thus, unlike the plaintiff in *Bowe* who sought a harassment-free environment, Jane Doe seeks a FAPE.

What is telling about the *Bowe* decision is that at the summary judgment stage, the *Bowe* court granted summary judgment to the defendants, finding that despite its failure to protect the minor plaintiff, the school district did not ignore the complaints, and no reasonable jury could find that it was deliberately indifferent or that its conduct was clearly unreasonable.  *See Bowe v. Eau Claire Area School District*, 2018 WL 791416 at *5 (W.D. Wisc. Feb. 7, 2018).  On this record, the Court should follow the holding in *Bowe* and find in the District's favor.

*Third,* in *Doe v. Dallas Independent School District*, 941 F.3d 224 (5th Cir. 2019), similar to the *Bowe* plaintiff, the minor plaintiff T.W., a special needs student, was *repeatedly* abused by his peers.  In response, the school only removed the child to a different part of the classroom; the abuse did not stop.  The trial court dismissed the plaintiff's Title IX claim but, on appeal, the decision was reversed.  As explained by the court, "[r]elief available under the IDEA is limited to a student's right to a FAPE[,]" which is centered "on a disabled student's access to adequate education by a school."  *Id.* at 227.  In deciding whether a FAPE was sought for T.W., the *Doe* court recognized that the Complaint itself was mostly about sexual harassment although it included allegations about the child's disabilities and the denial of educational opportunities.  Indeed, according to the court, of the 13 pages of allegations, 12 of them related to the sexual assault committed against T.W.  *Id.*  Unlike the claims asserted on T.W.'s behalf, neither Jane Doe's Complaint nor Jane Doe's opposition is *mostly* about the sexual assault.  Compl.  Rather, as is clearly shown in Jane Doe's opposition, she sought a FAPE which she submits was denied.  *See* Pl.'s Opp'n. at 23-32.  On this record, Jane Doe's claims are governed under the IDEA because the crux of her complaint is not about a severe or pervasive hostile-environment but the District's alleged failure to provide her with

educational services.

  *Fourth,* Jane Doe's reliance on *Doe v. Dennis-Yarmouth Reg'l Sch. Dist.*, No. 21-cv-10172-PBS, 2022 WL 36480, at  (D. Mass. Jan. 4, 2022), fares no better.  The minor plaintiff in that case was 16 but operated on a sixth-grade level; under her IEP, one-on-one supervision was required.  But the school allowed the minor to go to the bathroom unsupervised; she was found naked with another student in the bathroom.  And not only was the minor plaintiff required to have one-on-one supervision, the alleged assailant also required one-on-one supervision, which was not always provided.  The record in *Doe* showed that the defendants were on notice that the gap of supervision was problematic.  And despite "notice" to the administration and acknowledgement that one to one supervision was needed, the defendants failed to change its practices.  *Id.*  In deciding the defendants' motion to dismiss, the court recognized that "Section 504 is subject to the exhaustion requirement laid out in the Individuals with Disabilities Education Act ("IDEA")," *Id.* at *6..  According to the *Doe* court, "[t]he statutory language compels exhaustion when a plaintiff seeks "relief" that is "available" under the IDEA." *Id.*, citing *Fry,* 137 S. Ct. at 753.  The *Doe* plaintiff argued that "the gravamen of the claim is not the denial of the free appropriate public education, but rather negligent supervision that led to Jane's assault." *Id.*  The *violated the IEP, but it also injured her in ways unrelated to the FAPE." *Id.* at 7.  And the court decided that "because Jane is 'seeking redress for those other harms,' she is not subject to § 1415(l)'s exhaustion rule." <u>*Id.,* citing *Fry*</u>, 137 S. Ct. at 754-55.  Here, unlike the *Doe* plaintiff who put the school on notice but the school disregarded the notice, Jane Doe did not place the District on notice of any sexual harassment beforehand and there is no showing that the District ignored her complaints.  And the gravamen of Jane Doe's claim is that she was denied a FAPE, not that a hostile-environment existed about which she sought relief.  *Cf.* Pl.'s Opp'n. w/ Complaint.  Jane Doe's failure to exhaust

under the IDEA is fatal to her claims and the *Doe* case do not support a different finding.

*Fifth,* in *J.C. v. Greensburg-Salem Sch. Dist.*, Civ. A. No. 18-1683, 2019 WL 3845749 (W.D. Penn. Aug. 15, 2019), the minor, J.C., was diagnosed with Autism Spectrum, learning disabilities, and speech and language disorders. While on a school bus, another student who was known to have behavior and discipline problems, allegedly exposed his private parts to JC; JC feared the student, A.H., and believed A.H. would harm his minor brother, if he did not protect him. The school assured the parents that they would pass the parents' concerns to J.C.'s teachers so the students would be appropriately supervised. Notwithstanding the assurances, the two children were allowed to sit together at the back of the school bus, and A.H. repeatedly sexually abused JC. J.C. began to engage in self harm and although this behavior was passed along to the appropriate authorities, nothing was done to determine the reason for J.C.'s behavior change, and the sexual abuse increased. The parents ultimately sued under Title IX, the IDEA, the Rehabilitation Act and the ADA because the defendants allegedly failed "to provide J.C. a free appropriate public education[] and by [] discriminat[ing] against J.C. on the basis of his disability." *J.C.*, 2019 WL 3845649 at *3. The crux of the Title IX claim as alleged by the J.C. lawsuit was that the school violated the statute by "creat[ing] and/or subject[ing] J.C. to a hostile educational environment" by failing to intervene in ongoing sexual abuse. *Id*. at *8-9. Importantly, where J.C. raised other claims, including claims related to the school district's alleged failure to provide appropriate educational services (and thereby end the harassment), J.C.'s claims were precluded for his failure to exhaust administrative remedies under the IDEA. *J.C.*, 2019 WL 3845749 at *7. Unlike the Title IX claim in *J.C.*, Jane Doe's chief complaint here is that the District failed to properly accommodate her disability *after* the sexual harassment had occurred. And just like several of J.C.'s claims were barred because he failed to exhaust his administrative remedies, so too should

Jane Doe's claims be barred because she failed to exhaust her administrative remedies as required under the IDEA.

*Sixth,* in *Raymond v. Maine School Administrative District* 6, Civ. A. No. 18-cv-00379-JAW, 2019 WL 2110498, (D. Me. May 14, 2019), the plaintiff sued under Title IX, 42 U.S.C. § 1983, and the Rehabilitation Act, arising from a sexual assault that occurred on the first day of a summer program. According to the plaintiff, the defendants "had a custom or policy of allowing a student with sexually violent proclivities go unsupervised into the bathroom with a student whom it also knew had challenges establishing boundaries with others." *Id.* at 5. The defendants moved to dismiss on the basis that the plaintiff failed to exhaust his administrative remedies; they also raised other arguments for dismissal. *Id.* at 6. In response, the *Raymond* plaintiff agreed "that *Fry* set forth the appropriate legal standing but claim[ed] the Defendants incorrectly applied it to their Complaint." *Id*. But the *Raymond* plaintiffs argued that they did not seek a FAPE. Rather, they argued that "… the "gravamen" of Plaintiff's disability discrimination claim relates *not* to whether J.R. was denied FAPE . . . . [But rather the] discrimination that resulted in horrific personal injury, and whether money damages should be awarded to Plaintiffs for J.R.'s physical and emotional injuries as a result . . . ." *Id*. In deciding the motion to dismiss, the court found that the defendants were correct that the plaintiffs' demand for monetary damages under § 504 "does not foreclose the exhaustion requirement under the IDEA." *Id.* at 10. But the *Raymond* court indicated that the plaintiffs did not have to exhaust their administrative remedies. *Id*. According to the plaintiffs, and as agreed to by the court:

> Restrooms are the quintessential "public facility." J.R.'s right to be free from sexual assault in a library, or as an adult, would be similarly protected under Section 504 if it was demonstrated that the defendants in those scenarios had similar foreknowledge of: (a) a disabled patron who was already vulnerable assault; (b) another patron who had demonstrated a propensity toward sexual violence on

> multiple occasions in prior months; and (c) a policy or custom of disregard for the known risks presented by the sexually violent patron toward others.

*Id.* The court reasoned that "[t]he basis for J.R's claim—a sexual assault in restroom—could be brought if it occurred in another public facility." *Id.* at 11. "A disabled adult individual, moreover, could press 'essentially the same grievance []' as J.R., if he or she was more susceptible to assault or abuse; a public entity was aware that another individual at that public entity had a history of committing sexual assault, partly at that public entity, but failed to prevent this other individual from assaulting the disabled individual." *Id.* Here, Jane Doe does not seek to distinguish the facts pertinent to her case from the facts in *Raymond* or otherwise show the similarity between the cases. *See* Pl.'s Sur-reply. And unlike the *Raymond* case, discovery is closed. In *Raymond,* the court noted that "[n]either party has referenced the 'history of [this case's] proceedings' and the Court has not gleaned anything from the Complaint to suggest the Plaintiffs have 'previously invoked the IDEA's formal procedures to handle the dispute.'" *Id*. at 11, (citing *Fry*, 137 S. Ct. at 757). Here, Jane Doe's opposition makes it clear that she seeks to remedy the alleged deprivation of a FAPE. Consequently, Jane Doe was required to exhaust her claims under the IDEA. And, the *Raymond* decision provides no support for her argument that she was not required to exhaust her administrative remedies under the IDEA.

*Seventh*, in *McCann v. York School Department*, 365 F. Supp. 3d 132, 143-45 (D. Me. 2019), the plaintiff sued for violations of Title IX, the Rehabilitation Act, and for violation of the Fourteenth Amendment. As known by the school district, the minor child suffered from disabilities for many years. A school plan was created which provided accommodations for the minor plaintiff. While in middle school, the minor child became the victim of bullying incidents by his peers, including a sexual harassment incident. The minor reported the incident and the chaperone notified school officials about the incident. The parents later complained to the school about other bullying

incidents. At the request of the parents, an emergency 504 meeting was finally convened. Despite the meeting, the child was continually bullied. The evidence showed that the school knew about the ongoing conflicts between the involved students. *Id*. at 138-139. The defendants moved to dismiss the Complaint. In deciding the motion on the issue of whether the plaintiff was required to exhaust his administrative remedies, the court reviewed the arguments made by the plaintiffs. According to the plaintiffs, "the complaint does not implicate the denial of a FAPE because the gravamen of the complaint is disability discrimination. The thrust of the Section 504 claim, they assert, is that the School Department "discounted the seriousness of the reports" of bullying and harassment by J.M. and his parents because it "regard[ed] them as manifestations of J.M.'s disability." *Id.* at 143-144. In denying the motion to dismiss, the court reviewed the complaint and reasoned that it "…alleges only disability-based discrimination and makes no mention of an IEP, nor does it challenge the adequacy of the educational services that J.M. received. Instead, the complaint takes aim at the School Department's response to J.M.'s disabilities." *Id.* at 144. Here, Jane Doe's allegations as asserted in her opposition seeks a FAPE; she does not take aim at her asserted disabilities. *See* Pl.'s Opp'n. at 15. *See also* Sur-reply.

*Finally, F.H. v. Memphis City School*, 764 F.3d 638 (6th Cir. 2014), also provides no support for Jane Doe's assertion that she was not required to exhaust her administrative remedies. In that case, the parties reached a settlement agreement involving the plaintiff's allegations about the minor's abuse and neglect while at school. The defendants argued that the plaintiff's claims before the settlement were barred by the settlement, and "that all other claims required exhaustion under the Individuals with Disabilities Education Act (IDEA)." *Id*. at 640. The court rejected the defendants' arguments finding that the claims under § 1983 do not arise under the IDEA, were not released by the Agreement, and that exhaustion of administrative remedies would be futile. *Id*. at

12

640.  And according to the court, the amended complaint's "factual allegations clearly point to physical, non-disciplinary, and non-educational injuries, which cannot be redressed by any remedy available under the IDEA." *Id*. at 643.  But the court recognized that "[a]ppellants are not excused from exhaustion merely because they request compensatory damages under § 1983." *Id*.  Citing *Covington v. Knox County School Systems*, 205 F.3d 912, 918 (6th Cir. 2000), the court found that "[a] plaintiff seeking money damages is required to exhaust administrative remedies under the IDEA, even if money damages are not available under the IDEA or through the administrative process."  That said, the court was not persuaded that the plaintiff's claims related to the provision of a FAPE and determined that "[e]xhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights." *Id*., citing *Covington*, 205 F.3d at 917.

Here, unlike the plaintiffs in the cases relied on by Jane Doe, she has not tied her injuries to the sexual assault itself, or to any purported argument that the District's failure to protect her before the sexual assault caused it.  Nor does she show that the District had "notice" that she would be sexually assaulted and failed to protect her from the assault as did the plaintiffs in these cases she has cited.  *See* Pl.'s Sur-reply; *see also* Pl.'s Opp'n.  Instead, Jane Doe's "notice" about the sexual assault is only tied to information the District learned after the June 13, 2017 asserted sexual assault, beginning with Principal Aqueellah James' response to her sexual assault claim on June 14, 2017.  *Id*. at 11 (Over the course of that summer, Jane Doe suffered anxiety and stress due to Principal James and the District's response to her report that MP sexually assaulted her.); *see also* Pl.'s Sur-reply at 7 (emphasis added) (Jane Doe asserts that the combined systemic effect of sexual assault and the District's response to her report of that assault effectively denied her educational opportunities and benefits, which is a required element of her Title IX deliberate indifference claim.)  For these reasons, the District is entitled to summary judgment as Jane Doe's claims are

centered around the District's alleged failure to provide her with a FAPE.  On this record, including the cases upon which Jane Doe cites in her reply, her claims are barred because she failed to exhaust her administrative remedies.

Date:  April 25, 2022                                    Respectfully submitted,

                                                                          KARL A. RACINE
                                                                          Attorney General for the District of Columbia

                                                                          CHAD COPELAND
                                                                          Deputy Attorney General
                                                                          Civil Litigation Division


                                                                          */s/ Patricia A. Oxendine*
                                                                          PATRICIA A. OXENDINE
                                                                          D.C. Bar No. 428132
                                                                          Chief, Civil Litigation Division, Section I


                                                                          */s Kerslyn D. Featherstone*
                                                                          KERSLYN D. FEATHERSTONE
                                                                          D.C. Bar No. 478758
                                                                          Senior Assistant Attorney General
                                                                          AARON FINKHOUSEN
                                                                          D.C. Bar No. 1010044
                                                                          Assistant Attorney General
                                                                          Office of the Attorney General
                                                                          Civil Litigation Division, Section I
                                                                          400 6th Street, NW
                                                                          Washington, D.C.  20001
                                                                          Phone: (202) 724-6600;
                                                                          Fax: (202) 585-0145
                                                                          Email:  kerslyn.featherstone@dc.gov;
                                                                          aaron.finkhousen@dc.gov

                                                                          *Counsel for Defendant District of Columbia*