UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE, *et al.*,**<br>**Plaintiffs,**<br>**v.**<br>**DISTRICT OF COLUMBIA, *et al.*,**<br>**Defendants.** | **Civil Action No. 1:18-cv-02181-ABJ** |

**JOINT STATUS REPORT**

Plaintiffs and Defendants the District of Columbia (the District) and Aqueelha James (collectively, the Parties) respectfully submit the following Joint Status Report in accordance with the Court's August 31, 2026 Minute Order.

The parties have been unable to resolve their dispute through mediation. Consequently, the parties propose the following to govern further proceedings in this matter.

**Defendants – Supplemental Jurisdiction:**

The District proposes that the Court decline to exercise supplemental jurisdiction over the only remaining claim—Intentional Infliction of Emotional Distress (IIED)—because the federal questions presented by the Complaint has been resolved. The Court has discretion to exercise or decline supplemental jurisdiction. 28 U.S.C. § 1367(c) permits the Court to decline supplemental jurisdiction over state law claims if "the claim raises a novel or complex issue of State law," "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). *Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia* explains the standard:

> When a federal court has an independent basis for exercising federal jurisdiction, it may, in certain circumstances, also exercise pendent, or supplemental, jurisdiction over related claims under state law. In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court crafted a two-part test to determine when the assertion of jurisdiction over a state law claim is appropriate. First, the district court must determine whether the state and the federal claims "derive from a common nucleus of operative fact"; if they do, the court has the *power,* under Article III of the Constitution, to hear the state claim. *Id.* at 725, 86 S.Ct. at 1138. Second, even if it concludes that it has that power, the district court must then decide whether to exercise its *discretion* to assert jurisdiction over the state issue. *Id.* at 726, 86 S.Ct. at 1139. The Supreme Court cautioned that
>
> > pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.
>
> *Id.*

93 F.3d 910, 920 (D.C. Cir. 1996). Here, while the IIED claim arises from the same set of facts as the now-dismissed federal claims, the case presents novel issues of state law that weigh against the exercise of supplemental jurisdiction. First, Defendants intend to seek exclusion of portions of the audio recording of Defendant James, which is at the center of the case. Defendants take the position that, under D.C. Code § 23-542, the recording was illegally obtained and that it should, therefore, be excluded from evidence. Despite searching for any analogous cases, Defendants have not identified any. Thus, whether the recording should be excluded under District law, or whether some other sanction would be appropriate (for example, the no felony conviction recovery rule recognized by some states that could potentially bar recovery completely, *see, e.g.*, *Dinardo v. Kohler*, 304 A.3d 1187 (Penn. 2023)), present novel

questions of state law. So, even if the remaining IIED claim is itself not novel or complex, if the Court were to retain jurisdiction, it would, nevertheless, need to resolve novel and complex questions of state law. And, courts routinely decline to exercise supplemental jurisdiction once the federal claims have been dismissed, even when the case has been pending for years. *See, e.g., Price v. Pearson*, 2025 WL 819574 *11-12 (D.D.C. Mar. 13, 2025) (declining to exercise supplemental jurisdiction over state law claims after resolving federal claims in a case that had been pending for five years). Therefore, the Court should decline to exercise supplemental jurisdiction and dismiss this matter pursuant to 28 U.S.C. § 1367(c).

**<u>Plaintiff – Supplemental Jurisdiction:</u>**

Plaintiff objects to the dismissal of this matter pursuant to 28 U.S.C. § 1367(c), and requests that the Court exercise its discretion to retain jurisdiction over this matter.

In analyzing this very question under 28 U.S.C. § 1367(c), the Supreme Court has urged district courts to "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.". City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, 118 S. Ct. 523, 139 L. Ed. 2d 525 (1997) (internal quotations omitted). To put it matter-of-factly, this is a late-stage litigation case. This case was filed by the Plaintiff in 2018, and with the exception of the appellate period, has been pending before this Court for eight years. Service was accomplished long ago. This Court has resolved motions to dismiss and motions for summary judgment. It oversaw a discovery period, which included motions, and which extended from 2020 until 2022. Accordingly, this Court has extensive familiarity with this matter that a new a Court simply will not have benefit of if remand occurs.

In addition to the sheer amount of time and involvement, the Plaintiff has incurred great expense litigating this matter before this Court already and should not be required to file a new

matter and incur those unnecessary and additional expenses at this late-stage in the proceedings.

Finally, much of the argument concerning the audio recording of Defendant James has already been raised in prior motions practice. This Court is not prohibited from deciding ruling on those state law issues and certainly has familiarity with them already given the prior motions practice in this case.

For these reasons, Plaintiff requests that this Court retain jurisdiction over this matter.

**Plaintiff and Defendants – Additional Discovery:**

The Parties intend to seek additional discovery concerning damages. Specifically, given the passage of time, Plaintiff and Defendants will seek leave to amend their expert reports, and Defendants will request to retain a qualified psychiatrist to perform an independent medical examination of Plaintiff.[1] Defendants will depose Plaintiff's experts again, and Plaintiff may seek the deposition of Defendants' experts upon receipt of updated reports. Several years have passed since Plaintiff's experts last offered opinions and much of Plaintiff's assertion of damages revolves around their assessments regarding what Plaintiff's future held. Now that much more information is available regarding Plaintiff's current state, permitting the supplementation of Plaintiff's experts' reports, and permitting the Parties to take additional expert depositions would promote a fair and expedient resolution to this matter. For example, Defendants last deposed Plaintiff's psychiatrist in 2021, who wrote a report in 2020 based upon interviews from 2019. Since that time, Plaintiff has graduated high school, attended college, and entered the workforce. Additional information is now available regarding Plaintiff's treatment course, adjustment, and vocational and educational history.

While most of the scope of the supplemental discovery is agreed to between the Parties,

[1] Plaintiff objects to the addition of new experts who were not previously designated pursuant to Fed. R. Civ. P. 26(a)(2).

Plaintiff objects to Defendants naming additional experts who were not originally designated in this case. Aside from expert discovery, Defendants will seek an opportunity to conduct additional fact discovery, including both written discovery and depositions, regarding Plaintiff's current condition, which is relevant to her damages claim because she asserts permanent impairment. Although much of the supplementation has already taken place informally, Plaintiff consents to formally supplementing her written discovery pursuant to Fed R. Civ. P. 26(e). Plaintiff objects to sitting for a second deposition in this case unless the scope of the deposition and the time is appropriately narrowly tailored to the disclosure of new information.

Thus, should the Court elect to exercise supplemental jurisdiction over this matter, the Parties would seek a discovery scheduling order as follows:

| | |
|---|---|
| Deadline for Supplementing Discovery Responses | November 6, 2026 |
| Plaintiff's Deadline for Expert Reports | December 7, 2026 |
| Defendants' Deadline for Expert Reports | January 18, 2027 |
| Close of Discovery | March 31, 2027 |

Date: May 8, 2026.

*/s/ Kasey Murray*
KOONZ MCKENNEY JOHNSON
& DEPAOLIS LLP
5335 Wisconsin Avenue, NW, Suite 330
Washington, D.C. 20015
Phone: (202) 659-5503

Fax: (202) 785-3719
Email: kmurray@koonz.com
*Counsel for Plaintiffs*

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Steven Rubenstein*
STEVEN N. RUBENSTEIN [1013094]
Chief, Civil Litigation Division, Section V

*/s/ Aaron Finkhousen*
AARON FINKHOUSEN [1010044]
Assistant Attorney General
400 6th Street NW
Washington, D.C. 20001

Phone: (202) 717-1248

*Counsel for Defendant District of Columbia*

SETH ROSENTHAL
Chief Deputy Attorney General

FERNANDO AMARILLAS
Assistant Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Mateya B. Kelley*
MATEYA B. KELLEY [888219451]
AMANDA C. PESCOVITZ [1735780]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 724-7854
Email: mateya.kelley@dc.gov

*Counsel for Defendant Aqueelha James*